UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS ANTHONY SWAN, CDCR #BI-4007,<br><br>         Plaintiff,<br><br>v.<br><br>R.J. DONOVAN C.F, Correctional Institution; M. POLLARD, Institution Warden; M.A. GLYNN, Institution C.E.O.; and DEPARTMENT OF REHABILITATION, Department of Corrections,<br><br>         Defendants. | Case No.: 21-CV-1455 JLS (MDD)<br><br>**ORDER DISMISSING WITHOUT LEAVE TO AMEND CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)**<br><br>(ECF No. 8) |

Plaintiff Marcus Anthony Swan ("Plaintiff" or "Swan"), incarcerated at Richard J. Donovan Correctional Facility ("RJD"), is proceeding pro se and *in forma pauperis* ("IFP") in this civil rights action pursuant to 42 U.S.C. § 1983.

### PROCEDURAL BACKGROUND

In his original Complaint, Swan claimed the California Department of Corrections and Rehabilitation ("CDCR"), RJD, Warden M. Pollard, and C.E.O. M.A. Glynn violated his Eighth Amendment rights when they denied his prison grievances requesting release due to his medical vulnerabilities and as a result failed to protect him from contracting Covid-19 from his cellmate. *See* ECF No. 1 ("Compl.") at 3–5.

On November 24, 2021, the Court granted Swan leave to proceed IFP, but dismissed his Complaint *sua sponte* for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See* ECF No. 7. Specifically, the Court found Swan failed to allege facts sufficient to plausibly show either Pollard or Glynn were personally aware of his medical vulnerabilities or responsible for housing him with a cellmate they knew had tested positive for coronavirus. *See id.* at 6–9 (citing *Farmer v. Brennan*, 511 U.S. 825, 837, 844 (1994)). The Court further dismissed Swan's claim against both RJD and the CDCR because neither is a person subject to suit under Section 1983, and the Eleventh Amendment bars suits that seek either monetary damages or injunctive relief against the State of California, its instrumentalities, or its agencies. *See id.* at 9–10 (citing *Penhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Hale v. Arizona*, 993 F.2d 1387, 1398–99 (9th Cir. 1993)). Swan was granted leave to amend, but he also was cautioned that, should his Amended Complaint inadequately address these pleading deficiencies, his case would be dismissed. *See id.* at 10, 11–12.

Swan has since filed his Amended Complaint ("FAC"), naming RJD, Pollard, and Glynn as Defendants and realleging an Eighth Amendment failure to protect claim with respect to his Covid-19 exposure. *See* ECF No. 8 ("FAC") at 1, 2. In support, he has separately submitted several exhibits, comprised primarily of his CDCR 602 Health Care and Inmate/Parolee Appeals, a CDCR 1824 Reasonable Accommodation Request, and the institutional responses to them. *See* ECF No. 6, Exs. 1 & 2 at 1–40. Thus, the Court considers whether Swan's FAC alleges a plausible Eighth Amendment claim for relief pursuant to Section 1983.

**SCREENING PER 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)**

**I.     Legal Standards**

    ***A.     28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)***

Because he is a prisoner, Swan's FAC requires a pre-answer screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, that is frivolous, malicious, fails to

state a claim, or seeks damages from immune defendants. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to Section 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Federal Rules of Civil Procedure 8(a) and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.[1]

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). However, it may

///

---

[1] "Courts must consider the complaint in its entirety," including "documents incorporated into the complaint by reference," when determining whether the plaintiff has stated a claim upon which relief may be granted. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Schneider v. Cal. Dep't of Corrs.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### B.  42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citation omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

## II.  Plaintiff's Allegations

Swan's FAC contains fewer factual allegations than his original pleading. In it, he broadly realleges that Warden Pollard and C.E.O. Glynn violated his Eighth Amendment rights by "fail[ing] to adequately control the spread of COVID-19" at RJD. *See* FAC at 2. Specifically, he again contends he suffers from underlying medical conditions including diabetes, hypertension, and hypercholesterolemia, which render him particularly vulnerable should he contract the virus. *See id.* at 3. In light of these vulnerabilities, Swan realleges Pollard and Glynn did "not do enough" to protect him by refusing to release him or place him in "medical isolation or quarantine." *Id.*

Unlike Swan's original Complaint, his FAC now contends both Pollard and Glynn "were personally aware" of Swan's "underlying medical vulnerabilities" as well as the "great degree of risk" posed by Covid-19 and yet took "no or wholly inadequate action" in response to the "multiple" CDCR 602 inmate grievances and accommodation requests he filed. *Id.* at 4. Swan claims he contracted Covid-19 from his cellmate just a week after his appeals were "disapproved." *Id.* at 3, 4. He seeks more than $1 million in general and

/ / /

punitive damages based on Pollard and Glynn's failures, *id.* at 8, and has filed copies of his individual and group inmate appeals in support of his allegations. *See* ECF No. 6.

### III. Analysis

#### A. *Institutional Defendants*

As an initial matter, the Court notes Swan again includes RJD as a Defendant in the caption of his FAC but does not assert any specific claims for relief against RJD and does not name or reallege any claims against either RJD or CDCR in the body of the FAC itself. *See* FAC at 1, 2–4. The Court dismissed Swan's claims against both these Defendants in its previous order because neither is a person subject to liability under Section 1983 and the Eleventh Amendment bars suits against the State. *See* ECF No. 7 at 9–10. The Court further expressly cautioned Swan that "Defendants not named and any claims not re-alleged in [his] amended complaint w[ould] be considered waived." *Id.* (citing S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (1989); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012)). Accordingly, because Swan's FAC neither renames nor realleges any plausible claim for relief against either RJD or CDCR, they must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b).

#### B. *Warden Pollard & C.E.O. Glynn*

Swan again contends Warden Pollard and C.E.O. Glynn subjected Swan to cruel and unusual punishment in violation of the Eighth Amendment in December 2021 by "failing to adequately control the spread of COVID-19 in the institution." *See* FAC at 2, 3, 4. These allegations against Pollard and Glynn were previously dismissed because, while Swan alleged an overall failure to prevent systemic infection between inmates at RJD, he failed to include additional facts to plausibly show either of them was "personally aware of his medical vulnerabilities or that his cellmate has tested positive for COVID-19." ECF No. 7 at 8.

Swan now claims Pollard and Glynn were responsible for housing at RJD and were aware Swan suffers from several "underlying medical conditions" because he filed

"multiple 602 and reasonable accommodation [requests] with the institution [requesting that he] be released so he wouldn't get infected." FAC at 3. Swan contends Pollard and Glynn "disapproved" his appeals, and he "got infected a week after." *Id.*

As the Court explained in its previous Order, because "vicarious liability is inapplicable to § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Palmer v. Sanderson*, 9 F.3d 1433, 1437–38 (9th Cir. 1993) (noting there is no *respondeat superior* liability under 42 U.S.C. § 1983). Supervisory officials may only be held liable under Section 1983 if the plaintiff alleges their "personal involvement in the constitutional deprivation, or . . . a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Keates v. Koile*, 883 F.3d 1228, 1242–43 (9th Cir. 2018); *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011).

Swan now alleges that both Pollard and Glynn were responsible both for his housing and for "disapproving" his multiple 602s and requests for reasonable accommodation due to the risks posed by Covid-19 to persons like him with "severe underlying conditions." FAC at 3. Thus, Swan's FAC premises Pollard and Glynn's individual involvement solely on their roles in having reviewed and rejected his inmate appeals prior to his having contracted Covid-19 in December 2020. *See Keates*, 883 F.3d at 1242; *Starr*, 652 F.3d at 1207.

"The Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.'" *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). To be held liable for Plaintiff's injuries under the Eighth Amendment, Swan must allege **both** that Pollard and Glynn played a personal role in causing his harm **and** that they acted with deliberate indifference to a serious risk to his health or safety. *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1068 (9th Cir. 2016); *Iqbal*, 556 U.S. at 678. "A prison official acts with 'deliberate indifference . . . only if the [prison official] knows of and disregards an excessive risk to inmate health and safety.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Gibson v. Cty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002),

*overruled on other grounds by Castro*, 833 F.3d at 1076). "Under this standard, the prison official must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* (quoting *Farmer*, 511 U.S. at 837). Thus, even "[p]rison official[s] who actually kn[o]w of a substantial risk to inmate health or safety may be found free from liability if they respond[] reasonably to the risk, even if the harm ultimately [i]s not averted." *Farmer*, 511 U.S. at 844.

The Court has previously acknowledged that Covid-19 poses a substantial risk of serious harm. *See* ECF No. 7 at 8 (citing *Plata v. Newsom*, 445 F. Supp. 3d 557, 559 (N.D. Cal. Apr. 17, 2020) ("[N]o one questions that [Covid-19] poses a substantial risk of serious harm" to prisoners.)). However, in order to plead a viable Eighth Amendment claim against Pollard and Glynn individually, Swan must do more than state that these officials failed to grant his administrative appeals. *See Iqbal*, 556 U.S. at 678; *see also Hampton v. Ha*, No. CV 16-5542-DDP (SP), 2020 WL 10964983, at *8 (C.D. Cal. Sept. 11, 2020) (finding defendants' "denial of [prisoner's] administrative grievance … insufficient to state a deliberate indifference claim" under the Eighth Amendment). In situations where the challenged "conduct is harmful enough to satisfy the objective component of an Eighth Amendment claim, whether it can [also] be characterized as 'wanton' depends upon the constraints facing *the official*." *Wilson v. Seiter*, 501 U.S. 294, 303 (1991) (citations omitted) (emphasis original). Because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment," prisoners alleging cruel and unusual punishment must plead some factual content to plausibly suggest each defendant acted with a "sufficiently culpable state of mind." *Id.* at 297 (internal quotation marks, emphasis, and citations omitted).

In the body of his FAC, Swan claims Pollard and Glynn were aware of his plight and yet disregarded his needs by personally "disapprov[ing]" his "multiple 602 and Reasonable Accommodation" requests. FAC at 3. However, the exhibits Swan submits in support do not plausibly show that either the Warden or the C.E.O. were in any way

involved with these grievances. Nor do any of Swan's appeals plausibly show that Pollard or Glynn knowingly assigned an infected inmate to Swan's cell or refused to re-house him once his cellmate tested positive for coronavirus. In fact, while Swan did file multiple, serial CDCR inmate appeals related to his Covid-19 concerns between May and December 2020, neither Pollard or Glynn are identified as ever having actually participated, considered, reviewed, rejected, or disapproved of *any* of them.[2] *See* ECF No. 6, Ex. 1 at 2–3 (CDCR 602 Inmate/Parolee Group Appeal, Log No. RJD-A-20-3532, dated May 22, 2020), *id.* at 4–7 (CDCR 602 Inmate/Parolee Appeal Log. No. 6630 & Claimant Grievance Claims Decision Response dated June 5 and July 5, 2020); *id.* at 8–18 (CDCR 602 "Re-Submitted" Inmate/Parolee Group Appeal, Log No. 31693 & Claimant Grievance Claims Decision Response dated July 30 and September 23, 2020); *id.* at 19–20 (CDCR 1824 Reasonable Accommodation Request, Log No. RJD-A-20-3911 & Reasonable Accommodation Panel ("RAP") Response, dated August 11 and 24, 2020); *id.* at 21–26 (CDCR 602 HC Health Care Grievance Log No. RJD HC 20001540 & Headquarters Level Response, dated September 3 and December 17, 2020); *id.* at 27–34.

While a plaintiff's pleading "does not require 'detailed factual allegations,'" it must include "more than [] unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 556 U.S. at 678 (citation omitted). Indeed, in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Id.* (citations omitted). "The mere participation of [a] Warden … in [a [prisoner's] administrative appeal process is an insufficient basis on which to state a federal civil rights claim." *Bird v. Galle*, No. CV088530CASRNB, 2009 WL 3242297, at *6 (C.D. Cal. Oct. 8, 2009). Moreover, as pleaded, and when considered

---

[2] Instead, Swan's exhibits show he was notified by the Chief of the California Correctional Health Care Services Correspondence and Appeals Branch that he had automatically been assessed a Covid-19 risk score of 4 based on his "age and current health conditions" and authorized to "undergo additional custodial screening" to determine whether he qualified for "expedited release" based on his risk factors. *See* ECF No. 6 at 25.

together with the exhibits Swan has submitted in support, *see Tellabs*, 551 U.S. at 322; *Steckman v. Hart Brewing Co.*, 143 F.3d 1293, 1295–96 (9th Cir. 1998) (noting that courts are "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint"), the Court finds Swan's FAC still fails to plausibly show either Pollard or Glynn, "through [their] own individual actions, . . . violated the Constitution." *Iqbal*, 556 at 676. "Where there are well-pleaded factual allegations, the court should assume their veracity." *Id.* at 688. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

For these reasons, the Court finds Swan's FAC must be dismissed *sua sponte* for failing to state an Eighth Amendment claim upon which Section 1983 relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). *See Watison* 668 F.3d at 1112; *Wilhelm,* 680 F.3d at 1121.

### C. Leave to Amend

Because Swan has already been provided a short and plain statement of his pleading deficiencies, as well as an opportunity to amend those claims against all named Defendants to no avail, the Court finds granting further leave to amend would be futile. *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of . . . leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad." (internal quotation marks omitted) (second alteration in original)).

### CONCLUSION

For the foregoing reasons, the Court **DISMISSES** this civil action without further leave to amend for failure to state a claim upon which Section 1983 relief can be granted

and as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and close the file.

    **IT IS SO ORDERED.**

Dated: June 14, 2022

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

10

21-CV-1455 JLS (MDD)